SEAN K. KENNEDY (Cal. Bar. No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
JEFFREY A. AARON (Cal. Bar. No. 135625)
Deputy Federal Public Defender
(E-mail: Jeffrey_Aaron@fd.org)
ANGELA C. C. VIRAMONTES (Cal. Bar. No. 228228)
Deputy Federal Public Defender
(E-mail: Angela_Viramontes@fd.org)
MATTHEW B. LARSEN (Cal. Bar. No. 287665)
Deputy Federal Public Defender
(E-mail:  Matthew_Larsen@fd.org)
3801 University Avenue, Suite 700
Riverside, California  92501
Telephone (951) 276-6346
Facsimile (951) 276-6368

Attorneys for Defendant
SOHIEL OMAR KABIR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>SOHIEL OMAR KABIR, *et al.*,<br><br>Defendants. | No. ED CR 12-92-VAP<br><br>**MOTION TO PROVIDE UNREDACTED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:  April 29, 2013<br>TIME:   2:30 p.m. |

PLEASE TAKE NOTICE THAT on the above date and time, or as soon as counsel can be heard, and in the above-entitled Court, defendant SOHIEL OMAR KABIR, by and through his attorneys of record, Deputy Federal Public Defenders Jeffrey A. Aaron, Angela C. C. Viramontes and Matthew B. Larsen, will move this Court for an Order that the government should provide unredacted discovery.

1    This motion is based on this Notice, the accompanying memorandum of points
2    and authorities, the files in this case, any other authorities or evidence that may be
3    produced at the hearing of this motion, and any other information the Court deems
4    relevant.

                              Respectfully submitted,

                              SEAN K. KENNEDY
                              Federal Public Defender

DATED: March 29, 2013        By _____
                              JEFFREY A. AARON
                              ANGELA C. C. VIRAMONTES
                              MATTHEW B. LARSEN
                              Deputy Federal Public Defenders

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

The government has provided a significant amount of discovery in this case. The most recent discovery brought the printed material up to 2702 pages.  Letter of Allen W. Chiu to defense counsel (dated 3/7/13).

The printed discovery contains a number of redactions.  To give a flavor of the kind of unilateral redactions made here by the government, the defense urges the Court to review just the first dozen pages.  *See* Government Discovery, Bates 1-12.[1]

The first four pages consist of DMV printouts with no redactions.

The next page has what appears to be twenty lines redacted.  The subject of the document appears to be "[t]o document information received from Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE)."  Bates at 5.

The next page has several redactions, including:  "for SANTANA from DNS ICE [redacted]."  Bates at 6.

The next page again has twenty lines redacted.  The subject of the document appears to be "[t]o document contents of pocket litter from subject's border crossing." Bates at 7.

The next page has eight redactions, including "[t]wo bus ticket dated 11/01/2012 from Primera Plus for Alejandro Satana and [redacted]  (Origin: Autlan/Destination: Guadalajara)."  Bates at 8.

Bates at 9 has no redactions.

The next page has 34 redactions, either groups of words or entire lines.  In fact, approximately six entire paragraphs are redacted.  Bates at 10.  This report relates the

---

[1]  Because of a confusion over whether a protective order applies, the defense is not attaching those Bates pages to this motion, but will make them available at the hearing of this motion.

-1-

conversation that took place between the informant and the co-defendants.  It contains the redaction:  "[t]hese individuals included Miguel "Mikael" SANTANA [redacted] Ralph "Rafiq" DELEON [redacted], ARIFEEN GOJALI, [redacted]."  *Id.*

The next two pages contains eleven redactions on Bates 11 and twenty-two on Bates 12, most of which have a redaction, then "Session" with a number from 2 through 17, and then a final redaction.  Bates at 11-12.

## LEGAL ARGUMENT

**I.  The Court should order the government to provide unredacted copies of the discovery or demonstrate why the information should be redacted.**

The government's redactions make the discovery more difficult to read, and provide a patchwork narrative of the events.  Under the Jencks Act and Federal Rule of Criminal Procedure 26.2 (Rule 26.2), the government must produce the entire witness's statement.  The government can produce a  redacted statement under certain circumstances:

> "If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party.  If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record."

Rule 26.2(c).  Here the government is producing reports of statements pursuant to the Jencks Act and Rule 26.2.  Indeed, the government gave notice that it requests all reciprocal discovery under Rule 26.2, and it could not do this, of course, unless it had first provided discovery under the Rule.

The procedure in the Rule requires the government to make the claim of

-2-

privilege, or relevance, to the Court, so that the Court might inspect the material in camera. *Id.* The Court evaluates the claim, and then provides the redacted material to the defense, and, in the case of an objection, the Court must preserve any redacted statements. *Id.*

In this case, the government has unilaterally redacted material. There are pitfalls with this approach, as noted by the Ninth Circuit in *United States v. Alvarez*, 86 F.3d 901 (9th Cir. 1996):

> "In other words, if the government believes a portion of a witness statement is irrelevant, the *entire statement* must be delivered to the court in camera for *the court* to decide whether a portion of the statement should be redacted. By unilaterally and surreptitiously excising portions of the police reports because the government believed they were irrelevant, the government violated this provision of the Jencks Act."

*Alvarez*, 86 F.3d at 907.

By contrast, in *United States v. Stinson*, 647 F.3d 1196 (9th Cir. 2011), the court held there was no error if the redacted material referred to witnesses who do not testify at trial, and whose "redacted identities . . . were not material, let alone exculpatory or impeaching." *Id.* at 1208. In *Stinson*, however, the only redacted materials referred to "any sensitive information in order the protect the safety and security of witnesses" who were in a confidential file maintained by the California Department of Corrections and Rehabilitation. *Id.* at 1207.

In this case, the government neither provided the reasons for the redactions to the Court, nor obtained the Court's approval of the redactions, as set forth in Rule 26.2 and in the cases construing the Jencks Act. Moreover, it is unclear what the redacted material could be. It appears to embrace any number of possible types of evidence. For example, the twenty redacted lines on information received from ICE

on Bates at 5 could be anything.  The redactions at Bates at 6 do not seem privileged or irrelevant.  In the partial sentence:  "for SANTANA from DNS ICE [redacted]," Bates at 6, the redacted information appears to refer to an agent.  The government must expect that the defense would want to know the identities of all the government agents, as they might be necessary to impeach civilian witnesses or other government agents.  Bates at 7 had twenty redacted lines in a report that was intended to "[t]o document contents of pocket litter from subject's border crossing."  The defense cannot imagine why this information would be privileged national security material; as for the "contents of pocket litter" being irrelevant, the defense would point out that the defense is still in the investigation stage.  At this stage, the defense needs more information, rather than less, to determine what is and is not relevant.  The redactions of Bates at 8 -- e.g.,  "[t]wo bus ticket dated 11/01/2012 from Primera Plus for Alejandro Satana and [redacted]  (Origin: Autlan/Destination: Guadalajara." -- conceal from the defense a possible witness.  This is a witness presumably known to Mr. Santana, a co-defendant, but not to Mr. Kabir.  But this witness could identify Mr. Santana's intentions in buying the tickets, and might provide impeachment of government or civilian witnesses on that and other issues related to the purchase of the ticket.  Similarly, Bates at 10 deletes whole paragraphs, as well as identifying information in other areas.  For example, it redacts names or identifying information related to, or found in close proximity to, the names of the co-defendants:  "[t]hese individuals included Miguel "Mikael" SANTANA [redacted] Ralph "Rafiq" DELEON [redacted], ARIFEEN GOJALI, [redacted]."  *Id.*  Finally, Bates at 11-12 contain no less than thirty-three redactions, many of which redact material before and after the word "Session [insert number]."  This information identifies the various sessions that the confidential informant conducted or recorded with the co-defendants. How this information is privileged or immaterial is not explained.

-4-

1

## CONCLUSION

2  The defendant respectfully requests that Court order the government to provide

3 unredacted discovery.

4          Respectfully submitted,

5          SEAN K. KENNEDY
           Federal Public Defender

6

7 DATED: March __29__, 2013   By_____

8           JEFFREY A. AARON
           ANGELA C. C. VIRAMONTES

9           MATTHEW B. LARSEN
           Deputy Federal Public Defenders

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28            -5-