ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SUSAN J. DE WITT (Cal. Bar No. 132462)
Acting Executive Assistant United States Attorney
CHRISTOPHER D. GRIGG (Cal. Bar No. 220243)
Acting Deputy Chief, National Security Section
ALLEN W. CHIU (Cal. Bar No. 240516)
Assistant United States Attorney
National Security Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4496/5429
Facsimile: (213) 894-6436
E-mail: susan.dewitt@usdoj.gov
christopher.grigg@usdoj.gov
allen.chiu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SOHIEL OMAR KABIR, et al.,

Defendants.

ED No. CR 12-00092(A)-VAP

GOVERNMENT'S OPPOSITION TO DEFENDANT KABIR'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF GOVERNMENT STANDING

Hearing Date: April 29, 2013
Hearing Time: 2:30 p.m.
Place: Courtroom of the Honorable Virginia A. Phillips

The United States of America, by and through its undersigned counsel, hereby opposes defendant SOHIEL OMAR KABIR's motion to dismiss the indictment for lack of government standing.

///

This Opposition rests on the attachment memorandum of points and authorities, the files and records in this case, and any other argument or evidence the Court may allow.

Dated: April 8, 2013

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

____/s/____________________________
SUSAN J. De WITT
CHRISTOPHER D. GRIGG
ALLEN W. CHIU
Assistant United States Attorneys

Attorneys for Plaintiff

UNITED STATES OF AMERICA

TABLE OF CONTENTS

PAGE(s)

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. KABIR'S STANDING ARGUMENT IS FRIVOLOUS BECAUSE THE INDICTMENT PLAINLY CHARGES KABIR WITH A FEDERAL CRIME. . . . . . . . . . . . . . . . . . . . 2

1. Section 2339a Criminalizes Conspiracy Under § 2339a. . . . . . . . . . . . . . . . . . . . .2

2. The Indictment Expressly Charges Kabir With Conspiring To Provide Material Support And Resources. . . . . . . . . . . . . . . . . . . .5

3. Kabir's Argument That The Government Lacks Standing To Prosecute Federal Crime Is Frivolous. . . . . . . . . . . . . . . . . . 6

B. KABIR'S ARGUMENTS REGARDING THE NATURE OF THE OFFENSE DO NOT ALTER THE GOVERNMENT'S AUTHORITY NOR KABIR'S LIABILITY. . . . . . . . . . . . . . . . . 8

1. Section 2339a Does Not Require An Allegation That A Defendant Committed An Underlying Crime Of Terrorism. . . . . . . . . . . . . . . . . . 8

2. Kabir's Arguments Regarding Anticipatory Prosecutions Are Misplaced And Have No Bearing On The Indictment. . . . . . . . . . . . 10

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES

FEDERAL CASES PAGE(S)

Callanan v. United States, 364 U.S. 587 (1961) . . . . . . . . . . . . . . . . . . . . . . 3

City of Los Angeles v. Lyons, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . 6

Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138 (2013) . . . . . . . . . . . . . . . . . . . . 6

Henderson v. United States, No. 10-0455-CV-W-ODS, 2011 WL 1752199 (W.D. Mo. May 9, 2011) . . . . . . . . . . . . . . . . . . 7

Laird v. Tatum, 408 U.S. 1 (1972) . . . . . . . . . . . . . . . . . . . . . . 6

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . 6

Salinas v. United States, 522 U.S. 52 (1997) . . . . . . . . . . . . . . . . . . . . 3, 4

Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208 (1994) . . . . . . . . . . . . . . . . . . . . . . 7

Summers v. Earth Island Institute, 555 U.S. 488 (2009) . . . . . . . . . . . . . . . . . . . . 6

United States v. Daniels, 48 Fed. Appx. 409 (3d Cir. 2002) . . . . . . . . . . . . . 7

United States v. Hayat, ___ F.3d ___, 2013 WL 979732 (9th Cir. Mar.13, 2013) . . . . . . . . . . . . . . 10, 11, 12

United States v. James, No. 1:09-CR-00202, 2010 WL 4053571 (S.D. Ohio October 14, 2010) . . . . . . . . . . . . . . . 7

United States v. Jimenez-Recio, 537 U.S. 270 (2003) . . . . . . . . . . . . . . . . . . . . 4

United States v. Merold, No. 1:99-cr-00015-MP-AK, 2007 WL 1839441 (N.D. Fla June 26, 2007) . . . . . . . . . . . . . . . . 8

United States v. Rabinowich, 238 U.S. 78 (1915) . . . . . . . . . . . . . . . . . . . . . . 3

TABLE OF AUTHORITIES (continued)

PAGE(S)

United States v. Richardson, 418 U.S. 166 (1974). . . . . . . . . . . . . . . . . . . . .7

United States v. Shabani, 513 U.S. 10 (1994). . . . . . . . . . . . . . . . . . . . . 4

United States v. Siceloff, No. 09-313, 2010 WL 2486354 (W.D. Pa. June 15, 2010) . . . . . . . . . . . . . . . . .8

United States v. Siceloff, 451 Fed. Appx. 183 (3rd Cir. 2011). . . . . . . . . . . . . 8

Warth v. Seldin, 422 U.S. 490 (1975). . . . . . . . . . . . . . . . . . . . .6

Whitfield v. United States, 543 U.S. 209 (2005). . . . . . . . . . . . . . . . . . . . .4

Whitmore v. Arkansas, 495 U.S. 149 (1990). . . . . . . . . . . . . . . . . . . . .6

FEDERAL STATUTES

18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . .3, 4

18 U.S.C. § 956. . . . . . . . . . . . . . . . . . . . . 2, 8, 9

18 U.S.C. § 1114. . . . . . . . . . . . . . . . . . . . . . .8

18 U.S.C. § 1956. . . . . . . . . . . . . . . . . . . . . . .4

18 U.S.C. § 1962. . . . . . . . . . . . . . . . . . . . . . .4

18 U.S.C. § 2332 . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 2332a. . . . . . . . . . . . . . . . . . . . .2, 8

18 U.S.C. § 2332b. . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2332f. . . . . . . . . . . . . . . . . . . . .2, 9

18 U.S.C. § 2339A. . . . . . . . . . . . . . . . . . . . .passim

18 U.S.C. § 2332B. . . . . . . . . . . . . . . . . . . . .4, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Congress has declared that conspiring to provide material support or resources knowing or intending they are to be used in preparation for, or in carrying out other terrorism crimes[1] is a crime punishable by fines and imprisonment. 18 U.S.C. § 2339A. Here, the First Superseding Indictment (Dkt. 48, "the Indictment") charges SOHIEL OMAR KABIR ("Kabir") with violating § 2339A. The Indictment closely tracks the language of the statute and expressly identifies federal crimes of terrorism that the conspirators intended to support. (Id.) The Indictment further makes clear Kabir and his co-defendants agreed to join the Taliban and Al-Qa'ida in order to engage in violent combat against United States military and civilian personnel and others. (Id.)

Kabir moves the Court to dismiss the Indictment arguing that the government lacks standing.[2] Despite the authority of the United States to prosecute violators of federal criminal law, Kabir relies on inapposite doctrine applicable to civil litigants and argues that the United States has not alleged a sufficient injury. (Defendant Kabir's Motion To Dismiss, Dkt. 96 ("Mot."), at 1, 3-4.) He argues by implication that the case

---

[1] Section 2339A does not use the term "terrorism crime." Rather, Congress barred conspiracy to provide material support for use in preparing for or carrying out specific enumerated statutes, which are also listed as "federal crimes of terrorism" as that term is defined in 18 U.S.C. § 2332b(g)(5)(B).

[2] As of the time of this filing, no other defendant has joined Kabir's motion.

against him is somehow deficient because it does not allege completed or attempted terrorism crimes as in examples of other terrorism prosecutions he cites. (See Mot. at 9.) Kabir, however, cites no authority holding that the United States lacks standing to prosecute federal crimes and the government has found none.

By enacting § 2339A, Congress determined that conspiring to provide material support and resources for use in preparing for and carrying out crimes of terrorism, including offenses of extreme violence, represents a harm to society and is itself a crime. The Indictment charges Kabir with committing such an offense. Kabir argues that he is not guilty, a claim properly tested at trial. Kabir's motion to dismiss for lack of standing, however, is contrary to law and fact and must be denied.

## II. ARGUMENT

### A. KABIR'S STANDING ARGUMENT IS FRIVOLOUS BECAUSE THE INDICTMENT PLAINLY CHARGES KABIR WITH A FEDERAL CRIME

#### 1. Section 2339A Criminalizes Conspiracy

Under § 2339A,

> Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [certain enumerated crimes, including sections 956, 1114, 2332, 2332a, and 2332f] or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of

> years or for life. A violation of this section may be prosecuted in any Federal judicial district in which the underlying offense was committed, or in any other Federal judicial district as provided by law.

18 U.S.C. § 2339A(a) (emphasis added).[3] Unlike 18 U.S.C. § 371, by its plain language, § 2339A proscribes conspiracy to provide material support for terrorism crimes but does not require an allegation or proof that a defendant agreed to commit those crimes. Essentially, § 2339A prohibits aiding and abetting federal crimes of terrorism, and conspiring to do the same.

As the Supreme Court has recognized in cases Kabir does cite, conspiracy

> is "a distinct evil," which "may exist and be punished whether or not the substantive crime ensues." Salinas v. United States, 522 U.S. 52, 65, 118 S.Ct. 469, 139 L. Ed. 2d 352 (1997). The conspiracy poses a "threat to the public" over and above the threat of the commission of the relevant substantive crime - both because the "[c]ombination in crime makes more likely the commission of [other] crimes" and because it "decreases the probability that the individuals involved will depart from their path of criminality." Callanan v. United States, 364 U.S. 587, 593-594, 81 S.Ct. 321, 5 L. Ed. 2d 312 (1961); see also United States v. Rabinowich, 238 U.S. 78, 88, 35 S.Ct. 682, 59 L.Ed. 1211 (1915) (conspiracy "sometimes quite outweigh[s], in injury to the public, the mere commission of the contemplated crime").

---

[3] "The term 'material support or resources' means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials." 18 U.S.C. § 2339A(b)(1).

United States v. Jimenez-Recio, 537 U.S. 270, 274-75 (2003) (holding impossibility of completing the objects of a conspiracy is no bar to prosecution even when impossibility results from law enforcement intervention).

Unlike § 371, § 2339A does not require an allegation, let alone proof, that any person committed an overt act. Compare 18 U.S.C. § 2339A, with 18 U.S.C. § 371 (requiring proof of an overt act); see Ninth Circuit Model Criminal Jury Instruction No. 8.20. The Supreme Court has repeatedly held that where a statute does not explicitly state that proof of an overt act is an element, the plain language demonstrates that no such element exists. See, e.g., Salinas, 522 U.S. at 63 (construing 18 U.S.C. § 1962(d)); Whitfield v. United States, 543 U.S. 209, 214 (2005) (construing 18 U.S.C. § 1956(h)); United States v. Shabani, 513 U.S. 10, 17 (1994) (construing 21 U.S.C. § 846). "Congress has included an overt act requirement in at least 22 other current conspiracy statutes, clearly demonstrating that it knows how to impose such a requirement when it wishes to do so." Whitfield, 543 U.S. at 216. Similarly, by its plain language § 2339A does not require a charge for attempt or actual provision of material support as a prerequisite for charging a conspiracy. 18 U.S.C. § 2339A.

Although § 2339A bears the non-dispositive title "Providing Material Support to Terrorists," the term "terrorist" does not appear in the body of the statute and proof that a defendant conspired to provide material support or resources to specific individuals or those designated a "terrorist" is not required. See 18 U.S.C. § 2339A and compare with 18 U.S.C. § 2339B

(prohibiting provision of material support to a foreign terrorist organization). Rather, the statute bars providing and conspiring to provide material support or resources to anyone preparing to commit or carrying out one or more enumerated federal terrorism offenses.[4]

**2. The Indictment Expressly Charges KABIR With Conspiring To Provide Material Support And Resources**

Here, the Indictment closely tracks § 2339A's unambiguous language. Specifically, the Grand Jury has charged that Kabir and his co-defendants "conspired and agreed with each other to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), including property, services, and personnel, including themselves, knowing and intending that they were to be used in preparation for, and in carrying out violations" of five federal laws, all of which are enumerated in § 2339A(a). The Indictment also describes the means by which the conspiracy would be accomplished and charges that Kabir and his co-defendants would coordinate travel from the United States to join the Taliban and Al-Qa'ida in order to engage in violent jihad against United States personnel and others. (Indictment at 2-5.)

[4] Unlike § 2339A's focus on object offenses, § 2339B, which the Indictment does not charge, focuses on the recipients of the material support, prohibiting conspiracy to provide material support to foreign terrorist organizations so designated by the United States Secretary of State. 18 U.S.C. § 2339B. To date, the Secretary has designated approximately 50 groups as foreign terrorist organizations ("FTOs"). However, several groups involved in terrorist activities are not designated FTOs within the meaning of § 2339B.

**3. Kabir's Argument That The Government Lacks Standing To Prosecute Federal Crime Is Frivolous**

The Grand Jury has charged Kabir with a federal crime of conspiracy and provided clear notice of the nature of the conduct at issue. Nonetheless, Kabir argues that "[t]he government lacks standing to prosecute because it has alleged no specific and actual or 'certainly impending' harm" and that the Indictment charges vague "'allegations of possible future injury.'" (Mot. at 1:11-13.) In support of his argument, Kabir relies on cases analyzing the burden of private litigants under Article III of the Constitution to allege a sufficient harm to support civil actions. See, e.g., Clapper v. Amnesty Int'l USA, 133 S.Ct. 1138, 1147-48 (2013) (alleged injury too attenuated and speculative to support civil action for declaratory and injunctive relief); Whitmore v. Arkansas, 495 U.S. 149, 156-66 (1990) (alleged injury too speculative to intervene in death row inmate's case); Warth v. Seldin, 422 U.S. 490, 504-18 (1975) (alleged injuries insufficient to support action challenging zoning ordinance and its enforcement); City of Los Angeles v. Lyons, 461 U.S. 95, 105-13 (1983) (allegations of future injury too speculative to support action for injunctive relief against police chokeholds); Summers v. Earth Island Institute, 555 U.S. 488, 492-97 (2009) (alleged injury insufficient to support action for injunctive relief against enforcement of forestry regulations); Lujan v. Defenders of Wildlife, 504 U.S. 555, 562-78 (1992) (allegations insufficient to support action for declaratory and injunctive relief against enforcement of wildlife regulation); Laird v. Tatum, 408 U.S. 1, 12-16 (1972)

(allegations insufficient to support action for declaratory and injunctive relief against domestic military surveillance program); Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216-17, 227-28 (1974) (allegations insufficient to support action for mandamus, declaratory, and injunctive relief against legislators serving in military reserves); United States v. Richardson, 418 U.S. 166, 175-80 (1974) (allegation of taxpayer insufficient to support mandamus action seeking disclosure of expenditures by the Central Intelligence Agency).

These standing cases address the ability of private litigants to invoke the power of the courts in civil matters and have no bearing on the government's authority to prosecute federal crimes such as the one charged here. In short, in criminal cases brought by the government, Kabir's conflated argument that "[t]he 'contention that particular conduct is illegal' is not enough" (Mot. at 8:6-7 (citations omitted)) is exactly backwards.

Numerous courts have rejected as frivolous arguments that the government lacked standing to prosecute them because their crimes did not inflict a concrete injury on the United States. See, e.g., United States v. James, No. 1:09–CR–00202, 2010 WL 4053571, at *4 (S.D. Ohio October 14, 2010) (unpublished); United States v. Daniels, 48 Fed. Appx. 409, 418 (3d Cir. 2002) (unpublished) (describing defendant's standing argument as "frivolous" because the United States, as sovereign, "has standing to prosecute violations of valid criminal statutes"); Henderson v. United States, No. 10–0455–CV–W–ODS, 2011 WL 1752199, at *6 (W.D. Mo. May 9, 2011) (unpublished) (same);

United States v. Siceloff, No. 09-313, 2010 WL 2486354, at *1 (W.D. Pa. June 15, 2010) (unpublished) ("The government has the statutory authority to prosecute violations of federal criminal law and this court has both constitutional and statutory jurisdiction over this criminal prosecution. No other evidence of 'standing' is required."), aff'd by 451 Fed. Appx. 183 (3d Cir. 2011) (unpublished) (government plainly has power to prosecute violations of its tax laws); United States v. Merold, No. 1:99-CR-00015-MP-AK, 2007 WL 1839441, at *14 (N.D. Fla. June 26, 2007) (unpublished) (describing defendant's standing argument as "patently frivolous" because "[d]efendant was accused of violating the criminal laws of the United States, the United States Attorney is charged with prosecuting alleged violators, and nothing more need be added"). The Court should reject these same arguments here.

**B. KABIR'S ARGUMENTS REGARDING THE NATURE OF THE OFFENSE DO NOT ALTER THE GOVERNMENT'S AUTHORITY NOR KABIR'S LIABILITY**

**1. Section 2339A Does Not Require An Allegation That A Defendant Committed An Underlying Crime Of Terrorism**

The Indictment alleges that Kabir conspired to provide material support and resources in furtherance of specific crimes, namely: conspiracy to murder, kidnap, or maim outside the United States, in violation of 18 U.S.C. § 956; killing officers and employees of the United States, including uniformed service members, in violation of 18 U.S.C. § 1114; killing United States nationals outside the United States, in violation of 18 U.S.C. § 2332(a); using weapons of mass destruction outside the United States, in violation of 18 U.S.C. § 2332a(b);

and using explosives intending to cause death, serious bodily injury, and destruction of property, in violation of 18 U.S.C. § 2332f. (Indictment at 2-3.)

Kabir argues that the government lacks standing because the Indictment does not allege that Kabir completed or attempted to complete the charged 2339A violation or the object offenses. (Mot. at 4:17-23, 9:11-25, 10:3-12.) He thus argues that the government may not prosecute the crime for which he is charged because it has not charged him with other crimes. As discussed above, however, § 2339A requires no such allegations and Kabir offers no authority or basis for the Court to impose such artificial hurdles where Congress has not. Kabir's arguments are unsupported by law, as other authorities he cites recognize. See Robert M. Chesney, Beyond Conspiracy? Anticipatory Prosecution and the Challenge of Unaffiliated Terrorism, 80 S. Cal. L. Rev. 425, 486 (2007) ("[T]he important point here is that liability under § 2339A does not depend on proof that the defendant also violated § 956(a). On the contrary, § 2339A does not even require that the predicate violation of § 956(a) ever actually occur."). To the extent that Kabir argues that the government lacks standing because the Indictment does not recite exactly how the terrorism offenses that defendants conspired to support were to be executed, the statute imposes no such heightened pleading requirement for the reasons stated above. See Chesney, supra, at 451 ("[T]he general rule is that an agreement is sufficiently specific for conspiracy liability to attach once the conspirators concur as to the type of offense to be committed, even if the details of execution - when, where,

how, and by whom the offense will be committed - are yet to be determined.”).

**2. Kabir’s Arguments Regarding Anticipatory Prosecutions Are Misplaced And Have No Bearing On The Indictment**

Citing scholarly and media commentary on terrorism prosecutions and the trial in United States v. Hayat, ___ F.3d ___, 2013 WL 979732 (9th Cir. Mar. 13, 2013), as well as the dissenting opinion in the Ninth Circuit’s recent decision affirming the convictions in that case, Kabir makes several arguments about the factual nature of terrorism cases and anticipatory prosecutions generally.

As alleged in the Indictment and illustrated in the Criminal Complaint, however, the facts here are distinct and show that the defendants took multiple steps to accomplish their goals. Kabir influenced two co-conspirators to convert to Islam and from the beginning introduced them to radical and violent propaganda. (Complaint ¶¶ 4, 7, 30, 40). Kabir then left the United States and relocated to Afghanistan. (Indictment at 3-4; Complaint ¶¶ 5-6). While there, Kabir encouraged the co-conspirators to join him in Afghanistan and informed them that he had made arrangements for the group to join the Taliban, an initial step in their goal of joining Al-Qa’ida to fight American troops and others. (Indictment at 4; Complaint ¶ 6, 57). Thus, it was Kabir who set the stage for the co-conspirators to act.

And act they did. As the Indictment and Complaint make clear, to carry out their plan, defendants DELEON, SANTANA, and GOJALI participated in physical training, practiced shooting

firearms on multiple occasions, obtained passports, made travel preparations, and purchased airline tickets. (Indictment at 4-5; Complaint ¶¶ 6-8, 31, 36, 41-43, 55, 63, 65-70, 72-73, 76-100, 102-105.) Ultimately, these defendants were arrested as they began driving from Chino, California, to Mexico in the first leg of their travels to reunite with Kabir and join terrorists.

Given the defendants' conduct in this case, Kabir's reliance on commentary relating to Hayat, and the dissenting opinion in that case, is particularly unavailing. In Hayat, the defendant attended a terrorist training camp in Pakistan where he learned how to use weapons to kill American troops before returning to the United States to await unspecified orders to act. Hayat, 2013 WL 979732 at *1-4. He was charged with, and convicted of, providing material support and resources (i.e., personnel, namely himself) in violation of § 2339A and making false statements. Id. at *4-5. On appeal, the Ninth Circuit upheld the convictions on all counts. Id.

The dissent disagreed with the majority's analysis of several evidentiary rulings at trial. Id. at *24-35 (Tashima, J., dissenting). Citing Chesney, the dissent briefly commented on the "consequences of the government's use of anticipatory prosecution as a weapon in the 'war on terrorism'" before promptly turning to the merits of the evidentiary rulings. Id. at *24 (citation omitted).

On balance, given the defendant's conviction for actually providing material support (i.e., past conduct), the dissent's non-binding remarks may reflect its commentary on the

unspecified nature of the orders that Hayat had yet to receive or on the structure of § 2339A itself. As noted above, however, the latter issue is the prerogative of Congress while the former is an issue of proof. Regardless, neither issue addresses, let alone supports, Kabir's sole claim here that the government lacks standing to prosecute the federal crime charged in the Indictment. Indeed, neither the majority nor the dissent in Hayat had occasion to analyze that crime, namely conspiracy, as it was never charged there. Moreover, the facts alleged here demonstrate that, unlike in Hayat, Kabir and his co-defendants formed the specific plan to join the Taliban and Al-Qa'ida to fight Americans overseas and took numerous steps to accomplish their goal. The defendants may not have finalized their itinerary to rejoin Kabir once they landed overseas nor identified the specific means by which they would join the Taliban and Al-Qa'ida. Nonetheless, as Kabir recognizes in his motion, the defendants "allegedly agreed to aid others." (Mot. at 4:23-24.) Whether they did so knowing and intending that their "aid" was to be used in preparing for or carrying out the terrorism offenses alleged in the Indictment is a question of fact for the jury. Such issues of fact, however, do not alter the government's authority to prosecute Kabir for the crime charged in the Indictment.

## III. CONCLUSION

Kabir's motion to dismiss for lack of government standing rests on cases addressing the ability of private litigants to invoke the power of the courts in civil matters that have no bearing on the government's authority to prosecute federal

crimes such as the one charged in the Indictment. His arguments are contrary to law and fact. For the foregoing reasons, his motion should be denied.

Dated: April 8, 2013

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

____/s/____________________________
SUSAN J. De WITT
CHRISTOPHER D. GRIGG
ALLEN W. CHIU
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA