SEAN K. KENNEDY (Cal. Bar. No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
JEFFREY A. AARON (Cal. Bar. No. 135625)
Deputy Federal Public Defender
(E-mail: Jeffrey_Aaron@fd.org)
ANGELA C. C. VIRAMONTES (Cal. Bar. No. 228228)
Deputy Federal Public Defender
(E-mail: Angela_Viramontes@fd.org)
MATTHEW B. LARSEN (Cal. Bar. No. 287665)
Deputy Federal Public Defender
(E-mail:  Matthew_Larsen@fd.org)
3801 University Avenue, Suite 700
Riverside, California  92501
Telephone (951) 276-6346
Facsimile (951) 276-6368

Attorneys for Defendant
SOHIEL OMAR KABIR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-cr-92-VAP |
| Plaintiff, | **REPLY TO GOVERNMENT'S OMNIBUS OPPOSITION TO DEFENDANT'S MOTIONS FOR DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; EXHIBITS** |
| v. | |
| SOHIEL OMAR KABIR, *et al.*, | |
| Defendants. | DATE:  April 29, 2013<br>TIME:  2:30 p.m. |

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

The government implies that the defense filed a discovery motion without authorization, warning, or consultation.  That is not the case.  The defense sent a discovery letter and received no response to a number of items.  The defense followed

1  this with specific discovery requests and received absolutely no response.  With no

2  response from the government, the defense had no choice but to file the motion.  No

3  authorization, warning, or consultation is required in case law, the Federal Rules, or this

4  Court's standing order.

5       On 1/14/13 the defense requested specific discovery, including information related

6  to the informant, medical records for Mr. Kabir while in custody, and other items.  Email

7  to AUSA DeWitt by DFPD Aaron (1/14/13) (attached hereto as Exhibit A).   The

8  government responded only that "we are collecting and will continue to provide

9  discoverable information and material in this matter on a rolling basis."  Exhibit A, Email

10  to DFPD Aaron from AUSA DeWitt (1/15/13).

11       On 3/5/13, the defense provided its formal discovery letter, requesting a number

12  of specific items.  Letter to AUSA DeWitt by DFPD Aaron (3/5/13) (attached hereto as

13  Exhibit B).  On 3/13/13, the defense made a specific request for ten items.  Email to

14  AUSA DeWitt by DFPD Aaron (3/13/13) (attached hereto as Exhibit C).  On 3/14/13,

15  the defense repeated and attached its original 1/14/13 request, the one for specific

16  information about the informant, and made another new specific request to learn the total

17  number of DVDs there would be, and an update on the amount of discovery received to

18  date.  Email to AUSA DeWitt by DFPD Aaron (3/14/13) (attached hereto as Exhibit D).

19       There was no response.  On 3/29/13, the defense filed its motions for discovery of

20  various items.  The government responded by reiterating its previous comment that it is

21  producing discovery "on a rolling basis."  Defense counsel responded that it was not

22  acceptable to have discovery trickle in at the convenience of the government when the

23  trial date, and the motion filing deadline, were quickly approaching.

24       The defense was contacted by the government for a meet-and-confer.  During the

25  meet-and-confer, the defense was asked by the government to continue the status

26  conference, and the hearing on the motions.  The defense said it could not do this because

27

28                          -2-

1   it did not know that the Court would continue the 8/6/13 trial date, or the 7/22/13 pretrial

2   date, and the information sought must be provided sufficiently before the pretrial date

3   for Mr. Kabir to prepare his defense.

4          The government believed that the Court said it would continue the 8/6/13 trial date

5   at the initial status conference.  The defense disagreed, stating that it remembered only

6   that the Court said it expected the case to be tried "within a year."  Both the government

7   and the defense agreed that, given the current level of discovery production, the parties

8   could not be ready for trial on 8/6/13, and it would request a continuance.

9                                              **LEGAL ARGUMENT**

10  **I.       Discovery of the items sought is not premature.**

11         Trial is set for 8/6/13 and the pretrial conference for 7/22/13, making the last date

12  to file motions 6/24/13.  All of the information that might be subject to a motion, such

13  as 404(b) evidence, transcripts, confidential information, expert witnesses, and so forth,

14  should be provided sufficiently in advance of 6/24/13 so that the defense can prepare and

15  draft the appropriate motions.  The hearing date of these motions on 4/29/13 is less than

16  two months from 6/24/13, the last day to file pretrial motions.

17         The defense is sympathetic to the government's difficulties in providing discovery,

18  but it cannot passively limit itself to receiving "rolling discovery" that could come in at

19  any time, whether a month, a week, or a day before trial.  Indeed, the government is

20  **unable** to name a time by which it anticipates it will have the discovery needed -- if this

21  is the case, it is impossible to name any **future** trial date by which the defense will be

22  prepared.  The government claims that discovery in this case "is not entirely within the

23  control of the prosecutors here."  Government's Opposition at 3.  That is simply not

24  acceptable. The government has behind it the entire resources of the United States, and

25  if the United States cannot provide the discovery by the trial, pretrial, and motion dates,

26  then the government should either not have filed the case so early, or should agree to

27

28                                                  -3-

1  allow the defendant to post bond so that he does not suffer undue detention because of

2  the government's lack of preparation.

3  **II. The government wrongly argues that the discovery sought is not essential.**

4       According to the government, the defense can prepare with the information it has

5  because it has a complaint and affidavit. *Id.* at 9, ll. 16-26. Moreover, since the defense

6  said it received a "huge quantity" of discovery, then it should be able to prepare. *Id.* at

7  10, ll. 11-16. Finally, the government is handicapped because it does not know which

8  of the defendants may go to trial, and Mr. Kabir has failed to provide notice of possible

9  defenses. *Id.* at 10, ll. 21-28.

10      All of these arguments fail to convince. A complaint and affidavit is merely a

11 charging document. It does not contain direct quotes or impeachment material. It does

12 not contain the full name and contact information for witnesses, the location of crime

13 scenes, and so forth. The defense has received a "huge quantity" of surreptitiously

14 recorded conversations for which the government failed to provide the locations, the

15 speakers, the subject matter, and, in some cases, the languages used. The defense needs

16 time to review this "huge quantity," but is finding much of it irrelevant to the litigation.

17 Many conversations involve personal matters of the young co-defendants as the

18 informant tries to win their trust and influence them to commit violent jihad. Lastly, just

19 as in every other criminal case, each defendant could either plead guilty or go to trial --

20 this is the consequence of charging persons with crimes. This case might be the very first

21 occasion where the government claimed that it was at a disadvantage because it did not

22 know which defendant might go to trial! By virtue of charging someone with a crime,

23 isn't the government on notice that the individual might go to trial? Once a prosecutor

24 files charges, shouldn't he or she assume that **every** defendant might go to trial? Lastly,

25 the defendant has not provided notice of any defenses because he does not have sufficient

26 discovery to assess this. Indeed, most defenses do not require any notice at all. The

27

28                                            -4-

1  government must assume that, absent notice of defenses, the defense at trial will be one

2  for which no notice is required.

3        Paradoxically, the government, while acknowledging that its own discovery is not

4  yet complete, still maintains that it, the government, can determine whether the defense

5  has sufficient discovery to prepare its defense.  When the government does not yet know

6  how much and what evidence it might have, how could it say how the defense might

7  meet that evidence?

8  **III.  The government's specific objections are without merit.**

9        The witness list, according to the government, need not be provided in part

10  because  *U.S. v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc), does not apply.

11  While it is true that this case has less discovery, it is also true that the defense is not

12  seeking disclosure nearly as distant in time from the start of trial as was ordered in

13  *Grace*.  Here the trial is set to begin in less than four months.  This is hardly excessive

14  disclosure given that the government's witness list might trigger investigation not merely

15  in California and the United States, but Germany and Afghanistan as well; and it may

16  well require the defense to retain expert witnesses to counter the government's experts.

17        The government claims that the information about the informant need not be

18  provided because it is premature and without justification.  This, too, is wrong.  The

19  defense needs to be able to investigate how and when the informant received his

20  payments, what kind of immigration benefits he obtained and why, what other cases he

21  testified in, and so forth.  The government is wrong when it says that the defense is not

22  "requesting disclosure of information regarding the CS's involvement in the

23  investigation."  Government's Opposition at 13.  This 3/5/13 discovery letter did just

24  that.   Exhibit B.   And the defense has a number of specific questions about the

25  informant's involvement that it would like answered, including when he started working

26  on this case, when he was first paid, etc.  The threshold requests were made now because

27

28                                          -5-

1   those are *essential* for the defendant to begin investigating the informant.

2   The government has provided some information about the informant, which was
3   in a footnote in the complaint. Complaint at 5, n 3. The defense is entitled to much more
4   than that. The defense is entitled to records of payments to the informant by this and
5   other agencies, copies of the informant's A-file, and the other specific items listed in
6   Exhibit B.

7   The government is correct on one point. The defense believes that the government
8   must show to the Court what information should be protected and why, and that, failing
9   this, all the discovery should be treated the same as in every other criminal case. It is
10  hard to believe that disclosure of the informant's information would subject him to great
11  or greater danger. He is already known to the co-defendants. He was their friend, or so
12  they thought.

13  Key documents and conversations should be identified. The government says
14  there is no need to do this, but the government itself noted that the discovery is
15  "voluminous" and that there are already hundreds of hours of conversations. It is
16  impossible to predict which conversations will be used or for which purpose, given the
17  ambiguity of the "conspiracy to conspire" alleged in this case. It is frankly unbelievable
18  that the government thinks the complaint "provides the defense with ample notice of the
19  factual basis supporting the government's case," and that this somehow equates to
20  meaningful trial preparation. Government Opposition at 19. The "factual basis" may be
21  sufficient in the guilty plea, but not at trial.

22  All of the concerns related to the security of the government's sealed filings can
23  be met by the simple procedure of having the Court review those documents and redact
24  material that should not be provided. The government misses the point when it argues
25  that the defense cannot conclusively point to the "basis or justification" for unsealing
26  each sealed document. *Id.* at 22. This is because the true nature and contents of all those

27
28                                      -6-

1    documents have been kept from the defense, and that, in fact, is the essence of the motion

2    to unseal.

3         The government did not follow the Federal Rules of Criminal Procedure in regards

4    to its redactions.  In its papers, the government laments that because the defense had the

5    temerity to file a discovery motion when its requests were ignored, "the parties did not

6    have the opportunity to resolve any issues with the government's redactions."

7    Government's Opposition at 24.   The defense submits that a meet-and-confer is

8    meaningless in this situation.  There is no information that the defendant believes should

9    be redacted -- and certainly none without forthright and convincing justification by the

10   government,  none of which has been provided.  If the government thought there was

11   such information, it was free to provide a list of redactions and reasons for them in the

12   meet-and-confer, in its Opposition, or at any time during the pendency of this motion.

13   It failed to do so.

## CONCLUSION

     The defendant respectfully requests that the defendant's motions be granted.


                              Respectfully submitted,
                              SEAN K. KENNEDY
                              Federal Public Defender


DATED: April 12, 2013     By_____
                              JEFFREY A. AARON
                              ANGELA C. C. VIRAMONTES
                              MATTHEW B. LARSEN
                              Deputy Federal Public Defenders

-7-

*U.S. v. Kabir, et. al.*,
No. ED CR 12-92-VAP

Exhibit A



"DeWitt, Susan (USACAC)"
<Susan.DeWitt@usdoj.gov>
01/15/2013 05:23 PM

To  Jeffrey Aaron <Jeffrey_Aaron@fd.org>, Angela Viramontes
     <angela_viramontes@yahoo.com>, Matthew Larsen
     <Matthew_Larsen@fd.org>
cc  "Grigg, Christopher (USACAC)"
     <Christopher.Grigg@usdoj.gov>, "Chiu, Allen (USACAC)"
     <Allen.Chiu@usdoj.gov>
bcc

Subject  FW: Discovery request #1

History:          🖅 This message has been replied to.

Dear Jeff, Angela, and Matt,

We are in receipt of your discovery request and are continuing to work through
a large volume of material.  As we advised counsel and the Court at the Status
Conference on December 19, we are collecting and will continue to provide
discoverable information and material in this matter on a rolling basis.   As
we noted at the Status Conference, some of this information may take
additional time to process because of the sensitive nature of the information
or the manner of collection.   Please do not hesitate to contact us if you
have any additional questions.
Thank you.

Susan


Susan J. De Witt
Assistant United States Attorney
Deputy Chief, National Security Section
United States Courthouse  / 312 North Spring Street, No. 1300
Los Angeles, CA  90012  /  (213) 894-4496  /  (213) 894-6436 (Fax)


-----Original Message-----
From: Jeffrey Aaron [mailto:Jeffrey_Aaron@fd.org]
Sent: Monday, January 14, 2013 6:31 PM
To: DeWitt, Susan (USACAC)
Cc: Chiu, Allen (USACAC); Grigg, Christopher (USACAC); Angela Viramontes;
Matthew Larsen
Subject: Discovery request #1

Hi Susan:  We'd like to get discovery of:
1.   The cooperation agreement, payment records, and the other documents
relating to the management of the CI "Muhammad."
2.   The criminal history and immigration file for the CI "Muhammad."
3.   The warrants by which the government recorded the conversations with Kabir
and/or the other defendants.
4.   Any evidence relating to the beginning of the alleged conspiracy.
5.   Any medical records, tests, studies, doctors or nurses notes, medical
files, for Kabir while in custody.
Thanks very much.
Jeffrey A. Aaron
Directing Attorney
Office of the Federal Public Defender
3801 University Avenue, Suite 700
Riverside, Calfiornia 92501
951.276.6346 (telephone)

951.276.6368 (facsimile)

*U.S. v. Kabir, et. al.,*
No. ED CR 12-92-VAP

Exhibit B

# FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
3801 UNIVERSITY AVENUE, SUITE 700
RIVERSIDE, CALIFORNIA 92501

951-276-6346
951-276-6368 FAX

SEAN K. KENNEDY
*Federal Public Defender*
HILARY L. POTASHNER
*Chief Deputy*

AMY K. KARLIN
*Directing Attorney*
*Santa Ana Office*
JEFFREY A. AARON
*Directing Attorney*
*Riverside Office*

Direct Dial: 951-276-6346

March 5, 2013

## VIA FACSIMILE AND INTER-OFFICE MAIL

Ms. Susan J. De Witt
Assistant United States Attorney
Deputy Chief, National Security Section
312 North Spring Street
1300 United States Courthouse
Los Angeles, CA 90012

Re:     *U.S. v. Sohiel Kabir*, ED CR 12-92-VAP

## REQUEST FOR DISCOVERY

Dear Ms. De Witt:

Please consider this letter to be a formal request for discovery pursuant all court rules, codes, statutes, and case law, including Federal Rules of Criminal Procedure 12, 16, and 26, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. U.S.*, 405 U.S. 150 (1972), and the Jencks Act (18 U.S.C. § 3500). In particular, I am requesting all discoverable information within the possession, custody, or control, of the government, and which is known to the government or by the exercise of due diligence may become known to the government. I am also requesting that you inquire of each government agent connected to the case for the requested materials. If you have doubts as to the propriety of disclosure, the prosecution can submit the materials to the Court for its review.

Please consider this request to be a continuing one. *See* Fed. R. Crim. P. 16(c). Also, so that the defense may have an adequate opportunity for investigation and preparation, the

March 5, 2013
Page 2

defense requests that the discovery requested below be provided at the earliest feasible opportunity. My specific requests are as follows:

I.    Discovery Pertaining to Statements Made by Mr. Kabir (Fed.R.Crim.P. 16(a)(1)(A) & (B)):

    A.    All oral, written, and recorded statements made by Mr. Kabir to government agents and/or confidential informants. This request includes any written waivers signed by Mr. Kabir of his *Miranda* rights and/or any responses to *Miranda* warnings that were given by the defendant. This request also includes, but is not limited to, (1) any testimony of the defendant before a grand jury; (2) all law enforcement agency reports; (3) all notes of law enforcement officers, whether or not used to prepare reports; and (4) the substance of any other relevant oral statement made by Mr. Kabir in response to interrogation by a person he knew to be a government agent if the government intends to use that statement at trial. With respect to the latter subcategory, I specifically request that you confirm with the author whether the report of the oral statement is complete and, if it is not complete, prepare a new report.

    B.    All statements by made by Mr. Kabir to any other individual or in any other proceeding that is connected in any way to the present charges (*i.e.*, depositions, interrogatories, requests for admissions, or other discovery).

II.   Discovery Pertaining to the Criminal History of Mr. Kabir (Fed.R.Crim.P. 16(a)(1)(D)):

    A.    A complete copy of Mr. Kabir's criminal history, including both state and federal "rap sheets" or arrest records.

III.  Discovery Pertaining to Documents and Tangible Objects (Fed.R.Crim.P. 16(a)(1)(E)):

    A.    All documents, paper, data, computer records, photographs, video recordings, and audio tapes pertaining to any aspect of this case, including statements by Mr. Kabir. In particular, I specifically request all such items that are material to preparing the defense and/or that the government intends to *use* at trial (even if such evidence will not be introduced into evidence).

    B.    All reports by state and federal officers regarding the case, including all notes relied on by the state and federal officers in the preparation of their reports. This discovery obligation extends to investigative files of other government agencies material to the defense even if the prosecution does not intend to use such evidence at trial. *U.S. v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir.

March 5, 2013
Page 3

1982).

C.    All physical evidence pertaining to this case. I also request an opportunity to inspect, copy, and/or test all tangible objects and buildings or places which the government intends to use in its case-in-chief at trial and/or which are material to preparation of Mr. Kabir's defense.

D.    Any items seized from Mr. Kabir or from any of his residences or offices.

IV.   Discovery Pertaining to Examinations and Tests (Fed.R.Crim.P. 16(a)(1)(F)):

A.    The results and the supporting records of all tests and examinations conducted upon the evidence, including but not limited to any fingerprint tests or analysis.

V.   Discovery Pertaining to Expert Witnesses (Fed.R.Crim.P. 16(a)(1)(G)):

A.    If expert witnesses are to testify, the defendant requests the disclosure of a summary of the expert's testimony, the bases for the expert's conclusion, and the expert's qualifications. *See U.S. v. Barrett*, 703 F.2d 1076 (9th Cir. 1983).

VI.   Discovery Pertaining to Trial and Non-trial Witnesses:

These discovery requests pertain to witnesses connected with this case, whether or not they will be called at trial.

A.    The names and addresses of all witnesses that the government intends to call at trial. *U.S. v. Richter*, 488 F.2d 170 (9th Cir. 1973). Separately, I request (1) the names and addresses of those witnesses the government does not intend to call at trial, *U.S. v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984); (2) the true names and addresses of any confidential informants and/or cooperating witnesses, *U.S. v. Ordonez*, 737 F.2d 793, 808-09 (9th Cir. 1984); and (3) the names and addresses of all witnesses who have made arguably favorable statements concerning the defendant, *see, e.g. Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

B.    In order to avoid recesses and continuances during trial, I request early disclosure of any Jenks material. This request includes all statements of all witnesses the government intends to call in its case-in-chief, as well as all other materials discoverable under the Jencks Act for impeachment. Please include, *inter alia*, all notes, written and oral statements, and preliminary hearing and grand jury transcripts. 18 U.S.C. § 3500(e); Fed. R. Crim. P. 26.2; *U.S. v. Ogbuehi*, 18 F.3d 807, 810-11 (9th Cir. 1994); *U.S. v. Boshell*, 952 F.2d 1101, 1104 (9th Cir. 1991).

C.    All information which can be used to impeach any witnesses, such as information that shows lack of truthfulness, bias, or motive to lie. This information includes prior arrests, convictions, criminal investigations, formal

and informal complaints bearing on truthfulness, false statements to any authority, and inconsistent statements. This request also encompasses evidence, such as medical or psychiatric report or evidence of past alcohol or narcotics use, which may demonstrate impairment of a witness' ability to perceive, remember, communicate, or tell the truth. *See, e.g., U.S. v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

D. Any express or implicit promise, understanding, agreement, benefit, offer of immunity, or compensation between a witness and the government. *Giglio*, 405 U.S. at 154-55.

E. Any discussion or advice concerning any contemplated prosecution of any prospective government witness, or any possible plea bargain, even if no bargain was actually made, or the advice not followed. *See, e.g., Greene v. Wainwright*, 634 F.2d 272, 276 (5th Cir. 1981).

F. Any exculpatory witness statement, including negative exculpatory statements, *i.e.*, statements by informed witnesses that fail to mention the defendant.

G. Personnel files of all government agents and employees whom the government intends to rely on for testimony at a hearing or a trial. *U.S. v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *see also* Fed. R. Evid. 608(b). This request specifically covers any *Henthorn* material in the law enforcement officers' prior employment, if any. In addition, I request that you personally review all such personnel files for discoverable *Brady* materials. *U.S. v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984).

VII. **Government's Notice of Intent to Introduce any Evidence Pursuant to Federal Rules of Evidence 404(b) and 609:**

I am requesting notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b) and 609. It is my position that reasonable notice means no later than the deadline for filing motions in this case. *See* Fed. R. Crim. P. 12(b)(4)(B). Also, please specify the theory of introduction of such evidence so that the defense may evaluate the filing of a motion *in limine*.

VIII. **Government's Notice of Intention to Use Evidence (Fed. R. Crim. P. 12(d)(2)):**

In order to afford an opportunity to move to suppress evidence, the defense hereby requests timely notice of the government's intention to use (in its evidence-in-chief at trial) any evidence which the defendant may be entitled to discover under Rule 16.

March 5, 2013
Page 5

IX.     Request for Preservation of Evidence:

The defendant specifically requests preservation of all relevant videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of possession, custody, or care of the government. Furthermore, if there are any handwritten notes by agents, I request that you inform the agents to preserve such notes until a judicial determination can be made regarding their discovery. *U.S. v. Harris*, 543 F.2d 1247 (9th Cir. 1976).

IX.     Defendant's Notice of Defenses:

Many Assistant United States Attorneys request notice of defenses beyond that required by the Federal Rules of Criminal Procedure. Please note that I will not provide notice of any defense beyond that required by Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure. If such a request is included in any memorandum that you send me, you should not assume by my silence that we are limiting our defenses.

I would appreciate your prompt response regarding whether the Government will comply with, or object to, these discovery requests. Thanking you in advance for your kind cooperation.

Sincerely,

Jeffrey A. Aaron
Deputy Federal Public Defender

cc: client

*U.S. v. Kabir, et. al.,*
No. ED CR 12-92-VAP

Exhibit C

Jeffrey Aaron/CACF/09/FDO
03/13/2013 05:14 PM

To  "DeWitt, Susan (USACAC)" <Susan.DeWitt@usdoj.gov>,
"Grigg, Christopher (USACAC)"
<Christopher.Grigg@usdoj.gov>

cc  "Chiu, Allen (USACAC)" <Allen.Chiu@usdoj.gov>, Matthew
Larsen/CACF/09/FDO@FDO, Angela
Viramontes/CACF/09/FDO@FDO, Leticia

bcc

Subject  Re: New discovery requests in US v. Kabir 📄

---

Jeffrey Aaron      Jeffrey Aaron/CACF/09/FDO      03/13/2013 05:09:45 PM

Jeffrey Aaron/CACF/09/FDO
03/13/2013 05:09 PM

To  susan_dewitt@usdoj.gov

cc  "Chiu, Allen (USACAC)" <Allen.Chiu@usdoj.gov>, "Grigg,
Christopher (USACAC)" <Christopher.Grigg@usdoj.gov>,
Christopher (USACAC)" <Christopher.Grigg@usdoj.gov/O=,
Kabir Case,/,

Subject  New discovery requests in US v. Kabir 📄

Hi Susan:  We would like to get discovery of Rule 16 information as well as the following:
1.  Names of anyone who pled guilty in this case and any plea/cooperation agreements;
2.  Identifying information for "Muhammad," and any other confidential source or informant, and any and
all cooperation/non-prosecution agreements/ compensation documents;
3.  All evidence and reports about Kabir's arrest, detention, medical treatment in Afghanistan, and transfer
to the US;
4.  A description of the documents and recordings the government intends to use at trial;
5.  The government expert witness disclosures for trial;
6.  Any and all warrant applications, whether granted or denied;
7.  Any statement given by Kabir to government personnel or persons acting on behalf of the government,
including any written statements, whether or not addressed to the government or its agents;
8.  Unredacted versions of the reports provided;
9.  Notice of any proposed 404(b) evidence; and
10.  The information in the model complex case management order, such as a master index, status
reports, etc.  A copy is attached.



Complex Case Mgmt Order.pdf
If this information has previously been provided, I apologize for not having found it earlier, and would
greatly appreciate it if you could please indicate the Bates page number (or CD or DVD) where it could be
found.
Jeffrey A. Aaron
Directing Attorney
Office of the Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
951.276.6346 (telephone)
951.276.6368 (facsimile)

---

Jeffrey Aaron      Jeffrey Aaron/CACF/09/FDO      03/05/2013 11:57:10 AM

Jeffrey Aaron/CACF/09/FDO
03/05/2013 11:57 AM

To  "DeWitt, Susan (USACAC)" <Susan.DeWitt@usdoj.gov>

cc  "Chiu, Allen (USACAC)" <Allen.Chiu@usdoj.gov>, "Grigg,

Christopher (USACAC)" <Christopher.Grigg@usdoj.gov>,
Matthew Larsen/CACF/09/FDO@FDO, Angela
Viramontes/CACF/09/FDO@FDO, Leticia
Martinez/CACF/09/FDO@FDO, Luis
Blanco/CACF/09/FDO@FDO, Kristina
Beck/CACF/09/FDO@FDO

Subject   Discovery request in US v. Kabir



Kabir discovery request letter.pdf

I thought we had sent out a discovery request, but I might be wrong.  I cannot find one in the file, and, if one was not sent, that was an oversight on my part.  Please find our discovery request above.  You will be receiving a hard copy as well.  Thanks.

Jeffrey A. Aaron
Directing Attorney
Office of the Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
951.276.6346 (telephone)
951.276.6368 (facsimile)

*U.S. v. Kabir, et. al.,*
No. ED CR 12-92-VAP

Exhibit D

| Jeffrey Aaron/CACF/09/FDO | To | "DeWitt, Susan (USACAC)" <Susan.DeWitt@usdoj.gov> |
|---|---|---|
| 03/14/2013 05:22 PM | cc | "Chiu, Allen (USACAC)" <Allen.Chiu@usdoj.gov>, Angela Viramontes <angela_viramontes@yahoo.com>, "Grigg, Christopher (USACAC)" <Christopher.Grigg@usdoj.gov>, |
| | bcc | |
| | Subject | Re: FW: Discovery request #1 |

We had previously sent this discovery request, and, as you know, we recently sent another. I apologize for the (partial) duplication of requests as some of the items overlapped. Do you have any idea how many total DVDs there will be? I believe at the status conference you said 14 computers were seized, and you anticipated 63 total DVDs. Also, can you estimate about how much of the discovery we have to date -- by that I mean, do we have 20%, 50%, 60%, etc. Thanks.

Jeffrey A. Aaron
Directing Attorney
Office of the Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
951.276.6346 (telephone)
951.276.6368 (facsimile)

    "DeWitt, Susan (USACAC)"    "DeWitt, Susan (USACAC)...    01/15/2013 05:23:04 PM



| "DeWitt, Susan (USACAC)" <Susan.DeWitt@usdoj.gov> | To | Jeffrey Aaron <Jeffrey_Aaron@fd.org>, Angela Viramontes <angela_viramontes@yahoo.com>, Matthew Larsen <Matthew_Larsen@fd.org> |
|---|---|---|
| 01/15/2013 05:23 PM | cc | "Grigg, Christopher (USACAC)" <Christopher.Grigg@usdoj.gov>, "Chiu, Allen (USACAC)" <Allen.Chiu@usdoj.gov> |
| | Subject | FW: Discovery request #1 |

```
Dear Jeff, Angela, and Matt,

We are in receipt of your discovery request and are continuing to work through
a large volume of material. As we advised counsel and the Court at the Status
Conference on December 19, we are collecting and will continue to provide
discoverable information and material in this matter on a rolling basis.   As
we noted at the Status Conference, some of this information may take
additional time to process because of the sensitive nature of the information
or the manner of collection.   Please do not hesitate to contact us if you
have any additional questions.
Thank you.

Susan


Susan J. De Witt
Assistant United States Attorney
Deputy Chief, National Security Section
United States Courthouse  / 312 North Spring Street, No. 1300
Los Angeles, CA  90012  /  (213) 894-4496  /  (213) 894-6436 (Fax)
```

```
-----Original Message-----
From: Jeffrey Aaron [mailto:Jeffrey_Aaron@fd.org]
Sent: Monday, January 14, 2013 6:31 PM
To: DeWitt, Susan (USACAC)
Cc: Chiu, Allen (USACAC); Grigg, Christopher (USACAC); Angela Viramontes;
Matthew Larsen
Subject: Discovery request #1
```

Hi Susan:  We'd like to get discovery of:
1.   The cooperation agreement, payment records, and the other documents
relating to the management of the CI "Muhammad."
2.   The criminal history and immigration file for the CI "Muhammad."
3.   The warrants by which the government recorded the conversations with Kabir
and/or the other defendants.
4.   Any evidence relating to the beginning of the alleged conspiracy.
5.   Any medical records, tests, studies, doctors or nurses notes, medical
files, for Kabir while in custody.
Thanks very much.
Jeffrey A. Aaron
Directing Attorney
Office of the Federal Public Defender
3801 University Avenue, Suite 700
Riverside, Calfiornia 92501
951.276.6346 (telephone)
951.276.6368 (facsimile)