SEAN K. KENNEDY (Cal. Bar. No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
JEFFREY A. AARON (Cal. Bar. No. 135625)
Deputy Federal Public Defender
(E-mail: Jeffrey_Aaron@fd.org)
ANGELA C. C. VIRAMONTES (Cal. Bar. No. 228228)
Deputy Federal Public Defender
(E-mail: Angela_Viramontes@fd.org)
MATTHEW B. LARSEN (Cal. Bar. No. 287665)
Deputy Federal Public Defender
(E-mail: Matthew_Larsen@fd.org)
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone (951) 276-6346
Facsimile (951) 276-6368

Attorneys for Defendant
SOHIEL OMAR KABIR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOHIEL OMAR KABIR, *et al.*,<br><br>Defendants. | No. ED CR 12-92-VAP<br><br>**DEFENDANT KABIR'S OPPOSITION TO GOVERNMENT'S SECOND *EX PARTE* APPLICATION FOR PROTECTIVE ORDER** |

By and through his attorneys of record, Deputy Federal Public Defenders Jeffrey A. Aaron, Angela C. C. Viramontes and Matthew B. Larsen, Defendant Sohiel Omar Kabir hereby opposes the government's second request for a protective order.

//

//

//

This opposition is based on the accompanying memorandum of points and authorities, the files in this case, and any other information the Court deems relevant.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: May 29, 2013      By  *s/ Matthew B. Larsen*
                                   JEFFREY A. AARON
                                   ANGELA C. C. VIRAMONTES
                                   MATTHEW B. LARSEN
                                   Deputy Federal Public Defenders

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The government previously proposed a protective order under which none of the admittedly non-classified discovery in this case could be disclosed to the public. The order also would have required the defense to run potential witnesses by both the government and the Court before being allowed to show them discovery.

The Court rejected the proposal, calling it "cumbersome" and "extraordinarily broad." (Docket Entry 85 at 2) The Court said the government could reapply for "a narrowly tailored protective order with regards to particular information." (*Id*. at 3)

The government has not done so. Instead, it has proposed a second protective order that differs little from the first. Other than the relatively small amount of what the proposed order calls "general discovery," which consists of already-public information such as Facebook posts and newspaper articles, the rest of the admittedly non-classified discovery would remain off-limits to the public: it could be shared only with the defense and its witnesses and, as to certain witnesses, only after they are approved by the Court. This near-wholesale sealing of non-classified information is contrary to the constitutional presumption of openness in criminal proceedings. And it is not "a narrowly tailored protective order with regards to particular information." (*Id*. at 3) The proposed order should be denied or modified as indicated below.

## **ARGUMENT**

There is a constitutional presumption, grounded in the First and Sixth Amendments, that criminal proceedings be open to the public. *See Presley v. Georgia*, 558 U.S. 209, 211-212 (2010) (per curiam); *Waller v. Georgia*, 467 U.S. 39, 45 (1984); *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 509-510 (1984); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603-606 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573-580 (1980) (plurality opinion); *United States v. Waters*, 627 F.3d 345, 360 (9th Cir. 2010); *Phoenix Newspapers, Inc. v. U.S. Dist. Court for Dist. of Arizona*, 156 F.3d 940, 946 (9th Cir. 1998).

The presumption of openness is not limited to courtroom proceedings: "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). A protective order sealing discovery may be granted for "good cause" under both Federal Rule of Criminal Procedure 16(d) and Federal Rule of Civil Procedure 26(c). Although those rules differ in their specifics, the general "good cause" standard calls for a balancing of the public's right to know against specific reasons proffered for the public not to know. "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) [good cause] test.'" *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). *See also CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) ("We have read the sealed findings of the district court [in a criminal case] and conclude that they do not justify its closure orders. The trial court asserted various interests in support of its order sealing the records, but we are unable to identify those interests with specificity, or find them compelling, or conclude that sealing of the documents would vindicate them.") (Kennedy, J.). Indeed, "a blanket stipulated protective order . . . [is] inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News*, 187 F.3d at 1103.

The government's proposed protective order is a near-blanket direction to seal all the discovery in this case. Aside from the "general discovery" – consisting of already-public information – the voluminous "sensitive but unclassified" discovery may not be shared with anyone not a party to, or witness in, this case. The "sensitive but unclassified" discovery comprises the bulk of discovery to date and consists of what likely will be much of the evidence proffered against Kabir. The "sensitive but unclassified" discovery contains three categories of items: (1) information identifying the confidential human source (CHS); (2) reports of investigation; and (3) declassified

2

information obtained pursuant to the Foreign Intelligence Surveillance Act (FISA). (Docket Entry 130-1 ¶ 3)

## I.   The Proposed Restrictions as to the CHS are Overbroad

The government says the CHS's identity should be kept from the public "to protect the CHS's safety and the safety of the CHS's family." (Docket Entry 130 at 6) Kabir does not object to keeping the CHS's identity from the public at this time.

Kabir objects, however, to the restrictions the proposed order would place on the defense's use of material concerning the CHS.

First, the proposed order is overbroad insofar as it precludes public disclosure of information that cannot be used to identify the CHS. The proposed order says identifying information "includes . . . images which display physical characteristics or any other identifying characteristics." (Docket Entry 130-1 ¶ 3 n.1) In some discovery produced to date, the forearms of the CHS, who is wearing a hidden camera on his person, are visible. A forearm is a "physical characteristic" but does not indicate who the CHS is. Likewise, the CHS's voice is discernable on audio and video recordings but the government has not asserted that his voice, if disclosed to the public, would disclose his identity. Unless the government credibly does so, items containing such information should not be sealed. As discovery is "presumptively public," *San Jose Mercury News*, 187 F.3d at 1103, discovery not depicting the CHS's face or containing identifying information such as his name, address, phone number or license plate should not be kept from the public.

Second, and relatedly, paragraph 8 of the proposed order – video that "depict[s] any images of the CHS shall not be provided to anyone other than members of the defense team" – is overbroad insofar as it applies to "images of the CHS" other than his face. Moreover, paragraph 8's provision that video undisputedly identifying the CHS "may not be possessed by defendants while they are in custody" is overbroad as to Kabir. The government's rationale for this is that "some of the defendants are currently being housed in general population, where it is difficult to control exposure

of sensitive discovery materials to other inmates." (Docket Entry 130 at 6 n.3) This concern does not apply to Kabir, as he is being held in solitary confinement.

Third, the proposed order again suggests the Court involve itself in the defense case, which the Court already declined to do. The order says that, before showing any CHS information (or any "sensitive but unclassified" discovery) to an expert witness the defense is considering hiring, the defense must first ask the Court's permission. (Docket Entry 130-1 ¶ 4) Similarly, the order calls for the defense to ask permission before providing copies of "sensitive but unclassified" discovery to any lay witness. (*Id.* ¶ 7) While this order, unlike its previous version, does not permit the government to weigh in on such requests, this proposed judicial involvement in the defense's running of its own case is at least as "cumbersome" as that of the rejected order (Docket Entry 85 at 2) and makes even less sense: without the government serving as counterweight to the defense's requests, the Court will be in the position of either granting every request – which makes its involvement a waste of its time – or acting as prosecutor rather than neutral party. Either way, it is unclear why the Court would want to involve itself in deciding who the defense experts should be or which lay witnesses should receive copies of "sensitive but unclassified" discovery. Kabir's position is that he should be free to choose his experts, and give his witnesses copies of discovery, on his own.

In sum, Kabir does not object to keeping the CHS's identity– meaning images of his face and identifiers such as name, address, license plate, etc. – a secret from the public for now. But discovery not containing such information is "presumptively public," *San Jose Mercury News*, 187 F.3d at 1103, and the government has not shown good cause for sealing it. Likewise, the government has not shown good cause for denying copies of video identifying the CHS to Kabir, who is in solitary confinement, or for the proposed restrictions on Kabir's lay and expert witnesses, who should be chosen by the defense alone and who can be made to sign an agreement not to disclose the CHS's identity.

4

## II. The Proposed Restrictions as to Reports of Investigations are Unjustified

The "reports of investigations," which the proposed order does not define, are part of the "sensitive but unclassified" discovery. To the extent the subject matter of a report is an ongoing and pre-indictment investigation in another case, Kabir does not object to keeping it from the public. But the government has identified no such report as being part of the discovery in this case. The government's representation that some reports make unspecified "references to ongoing investigations of other potential targets" (Docket Entry 130 at 7) is not enough to keep them from the public. Unless the references are not merely references – and could instead imperil an identifiable investigation in a way the government specifically articulates – there is no cause to withhold them from the public. *Cf. United States v. Rosen*, 487 F.Supp.2d 703, 717 (E.D.Va. 2007) ("Here, the government has not proffered any evidence about danger to national security from airing the evidence publicly."); *In re Washington Post Co.*, 807 F.2d 383, 391-392 (4th Cir. 1986) ("History teaches us how easily the spectre of a threat to 'national security' may be used to justify a wide variety of repressive government actions. A blind acceptance by the courts of the government's insistence on the need for secrecy . . . would impermissibly compromise the independence of the judiciary and open the door to possible abuse.").

The reports concern the investigation in *this* case, which yielded indictments and arrests months ago; the investigation is closed. *Cf. Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) (The Ninth Circuit has "identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation. . . . Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access.").

Likewise, the government's assertions that the reports of investigation concern unspecified "third-party witnesses, uncharged parties" and "techniques that were utilized by law enforcement during this investigation" (Docket Entry 130 at 7) do not

5

1  provide specific and good cause to overcome the public's right to know the
2  information underlying the government's prosecution of one of its citizens.  *See id.*;
3  *Beckman Indus.*, 966 F.2d at 476; *CBS, Inc.*, 765 F.2d at 825.

**III.    The Proposed Restrictions as to Declassified FISA Material are Unjustified**

As with the prior proposed order, the government fails to show good cause for treating "declassified" material as if it were classified.  The government simply makes the same vague assertions here, as to unspecified collateral interests, that it does regarding the reports of investigations.  (Docket Entry 130 at 7)  Thus, for the same reason, the assertions are insufficient to show good cause for denying to the public material that is "presumptively public."  *San Jose Mercury News*, 187 F.3d at 1103.

In denying the prior request, the Court said the government could reapply for "a narrowly tailored protective order with regards to particular information."  (Docket Entry 85 at 3)  The government has not done so.  The proposal here, which asks to seal essentially all of the discovery, is contrary to the presumption of openness and does not show good cause for making secret that which is "presumptively public."

## CONCLUSION

Kabir does not oppose keeping the CHS's identify a secret from the public for now.  The proposed protective order is otherwise essentially the same as the prior one and, for the same reasons, should be rejected.

                                          Respectfully submitted,

                                          SEAN K. KENNEDY
                                          Federal Public Defender

DATED: May 29, 2013         By   *s/ Matthew B. Larsen*
                                          JEFFREY A. AARON
                                          ANGELA C. C. VIRAMONTES
                                          MATTHEW B. LARSEN
                                          Deputy Federal Public Defenders