1           UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3            EASTERN DIVISION-RIVERSIDE

4                   - - -

5      HONORABLE VIRGINIA A. PHILLIPS, JUDGE PRESIDING

6                   - - -

7    UNITED STATES OF AMERICA,        )
                                      )
8                    Plaintiff,       )
                                      )
9          vs.                        )   No. EDCR 12-92 VAP
                                      )
10   SOHIEL OMAR KABIR,               )
     RALPH KENNETH DELEON,            )
11                                    )
                                      )
12                   Defendants.      )
     _____)
13

14

15      REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                Riverside, California

17              Wednesday, August 13, 2014

18                    2:10 p.m.

19

20

21

22

23          PHYLLIS A. PRESTON, CSR, FCRR
            Federal Official Court Reporter
24          United States District Court
              3470 Twelfth Street
25          Riverside, California 92501
                stenojag@aol.com

1    APPEARANCES:

2

3    For the Plaintiff:

4                              OFFICE OF THE UNITED STATES ATTORNEY
                              BY:  **SUSAN DEWITT**
5                                   **CHRISTOPHER GRIGG**
                                   **ALLEN CHIU**
6                              Assistant United States Attorneys
                              3403 Tenth Street, Suite 200
7                              Riverside, California 92501

8

9

10   For Defendant Kabir:

11                             OFFICE OF THE FEDERAL PUBLIC DEFENDER
                              BY:  **JEFFREY AARON**
12                                  **ANGELA VIRAMONTES**
                                  **MATTHEW LARSEN**
13                             Deputy Federal Public Defenders
                              3801 University Avenue, Suite 700
14                             Riverside, California  92501

15

16

17   For Defendant DeLeon:

18                             **DAVID J. THOMAS**
                              CJA Appointed Counsel
                              1500 Iowa Avenue, Suite 220
19                             Riverside, California 92507

20

21

22

23

24

25

1          WEDNESDAY, AUGUST 13, 2014; RIVERSIDE, CALIFORNIA

2                              -o0o-

3              (In the presence of the jury:)

4          THE COURT:  Good afternoon.  Let the record reflect

5   the presence of all members of the jury, all counsel, and the          02:10

6   defendants present.

7          All right.  Ladies and gentlemen, you're now the jury

8   in this case.  I'm going to take a few moments to tell you a

9   few things about your duties as jurors and to give you some

10  preliminary instructions.                                             02:10

11         Please, of course, pay careful attention to the

12  instructions as I read them to you, but you will have copies of

13  these instructions given to you in just a few moments.  So

14  you'll each have a copy of these preliminary instructions.  At

15  the end of the trial, I'll give you more detailed written           02:10

16  instructions that will control your deliberations.

17         When you deliberate, it will be your duty to weigh

18  and evaluate all the evidence received in the case and, in that

19  process, to decide the facts.  To the facts as you find them,

20  you will apply the law as I give it to you, whether you agree      02:10

21  with the law or not.

22         You must decide this case solely on the evidence and

23  the law before you, and you must not be influenced by any

24  personal likes or dislikes, opinions, prejudices, or sympathy.

25         Please do not take anything that I may say or do          02:11

during the trial as indicating what I think of the evidence or
what your verdict should be.  That is entirely up to you.

As you know, this is a criminal case brought by the
United States Government against two defendants, Sohiel Omar
Kabir and Ralph Kenneth DeLeon.  The Government charges
Mr. Kabir and Mr. DeLeon with five offenses:

Conspiracy to provide material support to terrorist;

No. 2, conspiracy to provide material support to a
foreign terrorist organization;

No. 3, conspiracy to murder, kidnap, or maim persons
in a foreign country;

4, conspiracy to receive military-type training from
a terrorist group;

And, 5, conspiracy to murder.

The charges against Mr. Kabir and Mr. DeLeon are
contained in the Second Superseding Indictment.  The Second
Superseding Indictment simply describes the charges the
Government brings against the defendants.  It is not evidence
and does not prove anything.  Mr. Kabir and Mr. DeLeon have
pleaded not guilty to the charges and are presumed innocent
unless and until the Government proves the defendants guilty
beyond a reasonable doubt.

In addition, the defendants have the right to remain
silent.  They never have to prove innocence to testify or to
present any evidence.

1          The Government has the burden of proving every

2    element of the charges beyond a reasonable doubt.  Proof beyond

3    a reasonable doubt is proof that leaves you firmly convinced

4    the defendant is guilty.  It's not required the Government

5    prove guilt beyond all possible doubt.                              02:12

6          A reasonable doubt is a doubt based upon reason and

7    common sense and is not based purely on speculation.  It may

8    arise from a careful and impartial consideration of all the

9    evidence or from lack of evidence.

10          If after a careful and impartial consideration of all    02:13

11    the evidence, you're not convinced beyond a reasonable doubt

12    that the defendant is guilty, it will be your duty to find the

13    defendant not guilty.  On the other hand, if after a careful

14    and impartial consideration of all the evidence, you are

15    convinced beyond a reasonable doubt that the defendant is          02:13

16    guilty, it will be your duty to find the defendant guilty.

17          Although Mr. Kabir and Mr. DeLeon are being tried

18    together, you must give separate consideration to each of them.

19    In doing so, you must determine which evidence in the case

20    applies to each defendant, disregarding any evidence admitted     02:13

21    solely against some other defendant.  The fact you may find one

22    of the defendants guilty or not guilty should not affect your

23    verdict as to any other defendant.

24          The Second Superseding Indictment charges that the

25    elements of the offenses alleged occurred on or about certain     02:13

dates.  Although it is necessary for the Government to prove

beyond a reasonable doubt that the elements of the charged

offenses occurred on dates reasonably near the dates alleged in

the Second Superseding Indictment, it's not necessary for the

Government to prove that the events occurred precisely on the

dates alleged.

Now I'm going to give you a few instructions about

the evidence in general and how to consider the evidence you'll

hear during the course of the trial.

The evidence that you are to consider in deciding

what the facts are consists of:

No. 1, the sworn testimony of any witness;

2, the exhibits which are received into evidence;

And, 3, any facts to which the parties agree.

During the course of this trial, languages other than

English may be used for some evidence.  When a witness

testifies in another language, the witness will do so through

an official court interpreter.

The evidence that you are to consider and on which

you must base your decision is only the English language

interpretation and the translation provided through the

official court interpreters.  Although it's possible that some

of you may know the non-English language used by the witness,

you must disregard any meaning of the non-English words that

differs from the official interpretation.  So you only listen

1    to the interpretation, in other words.

2           You must not make any assumptions about a witness or

3    a party based solely upon the use of an interpreter to assist

4    that witness or party.

5           The following things are not evidence, and you must          02:15

6    not consider them as evidence in deciding the facts of this

7    case:

8              No. 1, statements and arguments of the attorneys;

9              2, questions and objections by the attorneys;

10             3, any testimony that I instruct you to disregard;        02:15

11          And, 4, anything that you may see or hear when the

12   court is not in session, even if what you see or hear is done

13   or said by one of the parties or by one of the witnesses.

14          Evidence may be direct or circumstantial.  Direct

15   evidence is direct proof of a fact, such as testimony by a          02:16

16   witness about what that witness personally saw or heard or did.

17   Circumstantial evidence is indirect evidence; that is, it is

18   proof of one or more facts from which you can find another

19   fact.

20          You are to consider both direct and circumstantial           02:16

21   evidence.  Either can be used to prove any fact.  The law makes

22   no distinction between the weight to be given to either direct

23   or circumstantial evidence.  It is for you to decide how much

24   weight to give to any evidence.

25          So let me give you an example.  If you wake up in the        02:16

1   morning and see that the sidewalk is wet, you may find from

2   that fact that it rained during the night.  However, other

3   evidence, such as a turned-on hose, garden hose -- this is a

4   particularly apt example right now since we're all being told

5   not to leave our hoses on -- but there may be other evidence,       02:17

6   such as a turned-on garden hose, that could provide an

7   explanation for the water on the sidewalk.  Therefore, before

8   you decide that a fact has been proved by circumstantial

9   evidence, you must consider all the evidence in the light of

10  reason, experience, and common sense.                               02:17

11       There are Rules of Evidence that control what can be

12  received into evidence during the trial.  So when a lawyer asks

13  a question or offers an exhibit into evidence and a lawyer on

14  the other side thinks that that's not permitted by the Rules of

15  Evidence, then that lawyer may object.                              02:17

16       If I overrule the objection, the witness may answer

17  the question or the exhibit may be received into evidence.  And

18  on the other hand, if I sustain an objection to a question,

19  that means the question can't be answered by the witness or the

20  exhibit can't be received into evidence.                            02:17

21       Whenever I sustain an objection to a question, you

22  must ignore the question.  Don't guess what the answer would

23  have been because the question itself isn't evidence.

24  Something a lawyer says, it is not evidence.  So it has no

25  meaning unless there is an answer to it.                            02:18

1   Sometimes I may order that evidence be stricken from

2   the record and that you disregard or ignore the evidence.  For

3   example, a witness answers the question before I can rule on

4   the objection, and so then I'll strike the answer and tell you

5   to disregard it.  That means that when you're deciding the          02:18

6   case, you must not consider the evidence that I told you to

7   disregard.

8   In deciding the facts in this case, you may have to

9   decide which testimony to believe and which testimony not to

10  believe.  You may believe everything a witness says or part of     02:18

11  the testimony or none of it.

12  In considering the testimony of any witness, you may

13  take into account the following things:

14  No. 1, the witness's opportunity and ability to see

15  or hear or know the things testified to;                           02:18

16  2, the witness's memory;

17  3, the witness's manner while testifying;

18  4, the witness's interest in the outcome of the case,

19  if any;

20  5, the witness's bias or prejudice, if any;                        02:19

21  6, whether other evidence contradicted the witness's

22  testimony;

23  7, the reasonableness of the witness's testimony in

24  light of all the evidence;

25  And, 8, any other factors that bear on believability.              02:19

1        The weight of the evidence as to a fact does not

2   necessarily depend on the number of witnesses who testify about

3   it.  What is important is how believable the witnesses were and

4   how much weight you think their testimony deserves.

5        You may hear testimony in this case from a witness

6   who received benefits, compensation, and favored treatment from

7   the Government in connection with this case.  In evaluating the

8   testimony of such a witness, you should consider the extent to

9   which or whether his testimony may have been influenced by this

10  factor.  In addition, you should examine the testimony of such

11  a witness with greater caution than that of other witnesses.

12       All right.  So those are the instructions on, in

13  general, how to deal with certain kinds of evidence.  And now

14  I'm going to read you the instructions telling you about the

15  five counts and what the elements are of each count that the

16  Government has to prove beyond a reasonable doubt.

17       Mr. Kabir and Mr. DeLeon are charged with five counts

18  of conspiracy.  Each count and the evidence pertaining to it

19  should be considered separately.  Your verdict on one count

20  should not influence your verdict on any other count.

21       A conspiracy is a kind of criminal partnership, an

22  agreement of two or more persons to commit one or more crimes.

23  The crime of conspiracy is the agreement to do something

24  unlawful.  It does not matter whether the crime agreed upon was

25  committed.

02:19

02:19

02:20

02:20

02:20

1          For a conspiracy to have existed, it is not necessary

2    that the conspirators made a formal agreement or that they

3    agreed on every detail of the conspiracy.  It is not enough,

4    however, that they simply met, discussed matters of common

5    interest, acted in similar ways, or perhaps helped one another.      02:21

6          You must find that there was a plan to commit at

7    least one of the crimes alleged in the indictment as an object

8    of the conspiracy with all of you agreeing as to the particular

9    crime which the conspirators agreed to commit.

10          One becomes a member of a conspiracy by willfully      02:21

11    participating in the unlawful plan with the intent to advance

12    or further some object or purpose of a conspiracy even though

13    the person does not have full knowledge of all the details of

14    the conspiracy.

15          Furthermore, one who willfully joins an existing      02:21

16    conspiracy is as responsible for it as the originators.  On the

17    other hand, one who has no knowledge of a conspiracy but

18    happens to act in a way which furthers some object or purpose

19    of the conspiracy does not thereby become a conspirator.

20          Similarly, a person does not become a conspirator      02:22

21    merely by associating with one or more persons who are

22    conspirators, nor merely by knowing that a conspiracy exists.

23    The person with whom the defendant made the agreement must have

24    been someone other than Government agents and informants.

25          If an overt act is required by the conspiracy charge,      02:22

the overt act does not itself have to be unlawful.  A lawful

act may be an element of a conspiracy if it was done for the

purpose of carrying out the conspiracy.  The Government is not

required to prove that the defendant personally did one of the

overt acts, but the overt act must have been done by someone

other than a government agent and informant -- or informant.

A separate crime is charged against one or more of

the defendants in each count, and the charges have been joined

for trial.  You must decide the case of each defendant on each

count charged against that defendant separately.  Your verdict

on any count as to any defendant should not affect your verdict

on any other count or as to any other defendant.

Each defendant is charged in Count 1 of the Second

Superseding Indictment with conspiracy to provide material

support to terrorists in violation of Section 2339A of the

United States Code.  In order for a defendant to be found

guilty of that charge, the Government must prove each of the

following elements beyond a reasonable doubt:

First, beginning in or about August 2010 and

continuing up to and including on or about November 16, 2012,

there was an agreement between two or more persons to provide

material support or resources, namely, themselves as personnel.

Second, the defendant became a member of the

conspiracy knowing of its object and intending that such

support or resources be used in preparation for or in carrying

1    out one or more of the following offenses:

2              No. 1, a violation of Section 956(a) of Title 18 of

3    the United States Code, which prohibits conspiring to kill,

4    kidnap, or maim a person at a place located outside of the

5    United States;                                                      02:24

6              2, a violation of Section 1114 of Title 18 of the

7    United States Code, which prohibits killing or attempting to

8    kill an officer or an employee of the United States, including

9    members of the uniformed services, while the officer or

10   employee was engaged in or on account of the performance of         02:24

11   official duties or;

12             No. 3, a violation of Sections 2332(a) and (b) of

13   Title 18 of the United States Code, which prohibit killing, or

14   attempting, or conspiring to kill, a national of the United

15   States while the national is outside of the United States.          02:24

16             The terms "material support or resources" include

17   personnel.  The term "personnel" means one or more persons,

18   which can include a defendant's own person.  Here, the

19   Government has alleged that the *material support or resources*;

20   namely, the defendants themselves as personnel.                     02:25

21             You must find that the defendant knew that the

22   material support or resources would be used either in

23   preparation for or in carrying out one or more violations of

24   Section 956(a) of Title 18 of the United States Code, Section

25   1114 of Title 18 of the United States Code, or Sections 2332(a)     02:25

and (b) of Title 18 of the United States Code.  You need not find that the defendant knew that any particular statute would be violated; but instead, you must find that the defendant knew or intended that his actions would result in the type of conduct forbidden under the statutes I've just described to you.

Each defendant is charged in Count 2 of the Second Superseding Indictment with conspiracy to provide material support to Al-Qa'ida, a designated foreign terrorist organization, in violation of Section 2339 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about August 2010 and continuing up to and including on or about November 16, 2012, there was an agreement between two or more persons to provide material support or resources; namely, themselves as personnel, to a designated foreign terrorist organization;

Second, the defendant became a member of the conspiracy knowing of its object and intending to accomplish it;

Third, the defendant knew that Al-Qa'ida was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism;

And, fourth, the defendant was a national or lawfully

1    admitted permanent resident of the United States or the offense

2    occurred in whole or in part in the United States.

3         Here, the Government has alleged that the material

4    support or resources included personnel; namely, the defendants

5    themselves.  However, no person can be convicted for a

6    violation of this statute in connection with providing

7    personnel unless that person has knowingly conspired to provide

8    a foreign terrorist organization with one or more individuals,

9    who may include the defendant, to work under that terrorist

10   organization's direction or control or to organize, manage,

11   supervise, or otherwise direct the operation of that

12   organization.

13        Individuals who act entirely independently of the

14   foreign terrorist organization to advance its goals or

15   objectives are not considered to be working under the foreign

16   terrorist organization's direction and control.

17        The term "foreign terrorist organization" has a

18   particular meaning under the statute.  In order for an

19   organization to qualify as a "foreign terrorist organization,"

20   the organization must have been designated as such by the

21   Secretary of State through a process established by law.  I

22   instruct you that Al-Qa'ida has been so designated by the

23   Secretary of State of the United States and was so designated

24   by the Secretary of State throughout the period covered by the

25   Second Superseding Indictment.

1           The term "terrorist activity" includes any activity

2      that, if it had been committed in the United States, would be

3      unlawful under the laws of the United States or any state and

4      that involves a threat, attempt, or conspiracy to use any

5      explosive, firearm, or other weapon or dangerous device, other          02:28

6      than for mere personal monetary gain, with intent to endanger,

7      directly or indirectly, the safety of one or more individuals

8      or to cause substantial damage to property.

9           The term "terrorism" means premeditated, politically

10     motivated violence perpetrated against noncombatant targets by          02:28

11     subnational groups or clandestine agents.

12          All right.  Each defendant is charged in Count 3 of

13     the Second Superseding Indictment with conspiracy to commit

14     murder, kidnapping, or maiming overseas, in violation of

15     Section 956 of Title 18 of the United States Code.  In order            02:29

16     for a defendant to be found guilty of that charge, the

17     Government must prove each of the following elements beyond a

18     reasonable doubt:

19          First, beginning in or about August 2010 and

20     continuing up to and including on or about November 16th, 2012,         02:29

21     there was an agreement between two or more persons to commit

22     the crime of murder, kidnapping, or maiming another person at a

23     place outside the United States;

24          Second, the defendant willfully joined the agreement

25     with the intent to further its purpose;                                 02:29

1          Third, the defendant was within the jurisdiction of

2    the United States when he conspired with others to commit the

3    crime;

4          And, fourth, one of the members of the conspiracy

5    performed at least one overt act within the jurisdiction of the

6    United States to effect the object of the conspiracy.

7          To act willfully means that the defendant voluntarily

8    joined in the agreement with an awareness of at least some of

9    the basic aims and purposes of the unlawful agreement and an

10   intent to further them and that he was also aware that the

11   conduct contemplated by the scheme was wrongful or unlawful.

12         The Government need not show that the defendant was

13   aware of every detail of the agreement or even the identity of

14   the other parties to the agreement.  The defendant need not

15   have joined in all of the conspiracy's unlawful objectives, nor

16   is it necessary that the defendant received any monetary

17   benefit from participating in the conspiracy or have any

18   financial stake in the outcome.

19         Rather, the Government must prove beyond a reasonable

20   doubt that the defendant willfully joined in the agreement;

21   that is, that he was aware of and intended to further its

22   objectives and appreciated their unlawful or wrongful nature.

23         An overt act does not itself have to be unlawful.  A

24   lawful act may be an element of a conspiracy if it was done for

25   the purpose of carrying out the conspiracy.  The Government is

1    not required to prove that the defendant personally did one of

2    the overt acts.  The overt act must have been done by someone

3    other than a government agent or informant.

4              Murder is the unlawful killing of a human being with

5    malice aforethought.  To kill with malice aforethought means to

6    kill either deliberately and intentionally or recklessly with

7    extreme disregard for human life.

8              To "kidnap" means to unlawfully seize, confine,

9    inveigle, decoy, kidnap, abduct, or carry away and hold for

10   ransom or reward or otherwise any person against his will.

11             To "maim" means to intentionally deprive of the use

12   of some part of the body or to mutilate, disfigure, or disable.

13             The term "outside the United States" means any place

14   outside the states of the United States, the District of

15   Columbia, and the territories and possessions of the United

16   States, including the territorial sea and the overlying air

17   space.

18             Count 4.  Each of the defendants is charged in

19   Count 4 of the Second Superseding Indictment with conspiracy to

20   receive military-type training from Al-Qa'ida in violations of

21   -- in violation of Sections 371 and 2339D of Title 18 of the

22   United States Code.  In order for a defendant to be found

23   guilty of that charge, the Government must prove each of the

24   following elements beyond a reasonable doubt:

25             First, beginning in or about August 2010 and

1  continuing up to and including on or about November 16, 2012,

2  there was an agreement between two or more persons to receive

3  military-type training from or on behalf of Al-Qa'ida;

4          Second, the defendant became a member of the

5  conspiracy knowing of its object and intending to help                    02:33

6  accomplish it;

7          Third, the defendant knew that Al-Qa'ida was a

8  designated foreign terrorist organization or had engaged or was

9  engaging in terrorist activity or terrorism;

10          Fourth, the defendant was a national or lawfully           02:33

11  admitted permanent resident of the United States or the offense

12  occurred in whole or in part in the United States;

13          Fifth, one of the members of the conspiracy performed

14  at least one overt act for the purpose of carrying out the

15  conspiracy, with all of you agreeing on a particular overt act       02:33

16  that you find was committed.

17          And as I just told you, an overt act does not itself

18  have to be unlawful.  A lawful act may be an element of a

19  conspiracy if it was done for the purpose of carrying out the

20  conspiracy.  The Government is not required to prove that the       02:33

21  defendant personally did one of the overt acts, but the overt

22  act must have been done by someone other than a government

23  agent or informant.

24          The term "military-type training" includes training

25  in means or methods that can cause death or serious bodily          02:34

injury, destroy or damage property, or disrupt services to

critical infrastructure, or training on the use, storage,

production, or assembly of any explosive, firearm, or other

weapon, including any weapon of mass destruction.

Count 5.  Each defendant is charged in Count 5 of the

Second Superseding Indictment with conspiracy to murder

officers and employees of the United States in violation of

Section 1117 of Title 18 of the United States Code.  In order

for a defendant to be found guilty of that charge, the

Government must prove each of the following elements beyond a

reasonable doubt:

First, beginning in or about August 2010 and

continuing up to and including on or about November 16, 2012,

there was an agreement between two or more persons to murder

officers or employees of the United States, including any

member of the uniformed services, while such officer or

employee was engaged in or on account of the performance of

official duties;

Second, the defendant became a member of the

conspiracy knowing of its object and intending to accomplish

it;

And, third, one of the members of the conspiracy

performed at least one overt act for the purpose of carrying

out the conspiracy.

An overt act does not itself have to be unlawful.  A

1   lawful act may be an element of a conspiracy if it was done for

2   the purpose of carrying out the conspiracy.  The Government is

3   not required to prove that the defendant personally did one of

4   the overt acts, that the overt act must have been done by

5   someone other than a government agent or informant.                02:35

6           Murder is the unlawful killing of a human being with

7   malice aforethought.  To kill with malice aforethought means to

8   kill either deliberately and intentionally or recklessly with

9   extreme disregard for human life.

10          The intent of a person or the knowledge that a person   02:35

11  possesses at any given time may not ordinarily be proved

12  directly, because there is no way of directly scrutinizing the

13  workings of the human mind.  So in determining the issue of

14  what a person knew or what a person intended at a particular

15  time, you may consider any statements made or acts done or       02:36

16  omitted by that person and all of the facts and circumstances

17  received in evidence which may aid in your determination of

18  that person's knowledge or intent.

19          You may infer, but you are certainly not required to

20  infer, that a person intends the natural and probable            02:36

21  consequences of acts knowingly done or knowingly omitted.  It

22  is entirely up to you, however, to decide what facts to find

23  from the evidence received during this trial.

24          And I'm going to close by reminding you and saying a

25  few words and repeating some things I've said to you about your  02:36

1    conduct as jurors.

2            First, please keep an open mind throughout the trial.

3    Do not decide what the verdict should be until you and your

4    fellow jurors have completed your deliberations at the end of

5    the case.                                                          02:37

6            Second, because you must decide this case based only

7    on the evidence received in the case and on my instructions as

8    to the law that applies, you must not be exposed to any other

9    information about the case or to the issues it involves during

10   the course of your jury duty.                                      02:37

11           So until the end of the case or until I tell you

12   otherwise, do not communicate with anyone in any way, and do

13   not let anyone else communicate with you in any way about the

14   merits of the case or anything to do with it.  This includes

15   discussing the case in person, in writing, by telephone, by       02:37

16   electronic means, via email, text messaging, any Internet chat

17   room, blog, website, Twitter, or any other feature.

18           This applies to communicating with your fellow jurors

19   until I give you the case for deliberation, and it applies to

20   communicating with everyone else, including your family           02:38

21   members, your employer, the media, the press, the people

22   involved in this trial.  You may notify your family and your

23   employer that you've been seated as a juror in the case, but do

24   not give them any details at all about the case.

25           If you are asked or approached in any way about your       02:38

1    jury service or about anything about the case, you must respond

2    that you've been ordered not to discuss the matter and then

3    please report that contact to the Court.

4            Because you will receive all of the evidence and the

5    legal instruction you properly may consider to return a          02:38

6    verdict, do not read, watch, or listen to any news or media

7    accounts or commentary about the case or anything to do with it

8    or anyone involved in the case.

9            Don't do any research, such as consulting

10   dictionaries or other reference materials, searching the         02:38

11   Internet, or using any other kinds of reference or research

12   materials.  Don't make any investigation.  Don't visit any of

13   the sites that you may hear reference to in evidence or in any

14   other way try to learn about the case on your own.

15           The law requires these restrictions to ensure that       02:39

16   both sides have a fair trial based on the same evidence that

17   each party has an opportunity to address.  And a juror who

18   violates these restrictions jeopardizes the fairness of the

19   trial, and a mistrial could result, and that would mean the

20   entire trial process has to start over, and all the time that    02:39

21   you all have invested goes to waste, as well as, of course, all

22   the time that the parties have invested.  So if any juror is

23   exposed to any outside information, please notify the Court

24   about that right away.

25           At the end of the trial, you have to make your           02:39

1    decision based on what you recall of the evidence.  You won't

2    have a written transcript of the trial, so pay close attention

3    to the testimony as it is given.

4            If you wish, you may take notes to help you remember

5    the evidence.                                                    02:40

6            And we can hand out the trial notebooks.

7            If you do take notes, please, you have to keep them

8    to yourself until you and your fellow jurors go to the jury

9    room to decide the case.  Don't let note-taking distract you

10   from being attentive.  And every time you leave the court on a   02:40

11   recess or at the end of the day, you leave your notebooks,

12   which we're about to hand out to you, in the courtroom on your

13   seats.  No one will read your notes.

14           Whether or not you take notes, you should rely on

15   your own memory of the evidence.  Notes are only to assist your  02:40

16   memory, and you shouldn't be overly influenced by your notes or

17   those of your fellow jurors.

18           Now, the notebooks that you're about to receive, and

19   there are several tabs, at the end there is blank pages for you

20   to take your notes.  If you need more pages, just let us know,    02:40

21   and you'll get more.  There is a tab for a glossary of terms

22   because you'll be hearing some foreign language terms and other

23   terms that may not be familiar to you.  So there is a glossary

24   with some of those terms and definitions that the parties have

25   agreed upon.                                                      02:41

1           There is a tab right now that says "Witnesses."

2   There is nothing behind it at the moment.  But during this

3   trial, especially because it will last for several weeks, every

4   time a witness testifies, after they've testified, we put a

5   picture of that witness with the witness's name underneath.

6   And at the end of the day usually, or maybe the following day,

7   we'll give you those pictures to put in your notebooks so after

8   a few days you can look back and remember who that witness was

9   when other witnesses refer to him or her.

10          And then there is a tab for instructions because

11  you'll have a copy of these instructions in your notebook.

12          And the next phase of the trial now begins.  Let me

13  tell you the course of the way things occur during a trial.

14          First, each side may make or present their opening

15  statement.  Opening statements are not evidence, but they are

16  the lawyers' opportunity to give you an outline to help you

17  understand what that party expects the evidence will show.  A

18  party is not required to make an opening statement.

19          After opening statements, from any of the attorneys

20  who wish to make one, the Government will present evidence, and

21  counsel for the defendant may cross-examine the Government's

22  witnesses.  And then if either defendant or both of them

23  chooses to offer evidence in the case, then counsel for the

24  Government may cross-examine their witnesses.

25          And after all the evidence has been presented to you,

02:41
02:41
02:42
02:42
02:42

1    I will fully instruct you on all the law that applies to the

2    case.  And then the attorneys make their closing arguments.

3    And after that, you'll go to the jury room to deliberate on

4    your verdict.

5              Thank you for your attention, ladies and gentlemen.    02:42

6              (Preliminary instructions concluded.)

7                              -o0o-

1                       C E R T I F I C A T E

2

3                   DOCKET NO. EDCR 12-92 VAP

4

5          I hereby certify that pursuant to Section 753,
   Title 28, United States Code, the foregoing is a true and
6  accurate transcript of the stenographically reported
   proceedings held in the above-entitled matter and that the
7  transcript page format is in conformance with the regulations
   of the Judicial Conference of the United States.

8

9

10

11   /S/ Phyllis A. Preston       DATED:  November 6, 2017

12  Federal Official Court Reporter

13  CSR, FCRR

14

15

16

17

18

19

20

21

22

23

24

25